UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| LAWRENCE C. BURRHUS, II, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 4:13-cv-37 |
| v. ) | |
| ) | Judge Mattice |
| HOMEWARD RESIDENTIAL, INC, *et al.*, ) | Magistrate Judge Lee |
| ) | |
| *Defendants.* ) | |
| ) | |

## ORDER

Before the Court are Defendants QBE Insurance Corporation ("QBE") and Homeward Residential, Inc.'s ("Homeward") Motions to Dismiss (Docs. 11, 13), Homeward's Motion to Strike Plaintiff's Rebuff of Defendant's Brief in Support of Motion to Dismiss (Doc. 32), and Plaintiff's Motion to Go Forward for Hearing (Doc. 30). For the reasons stated herein, Defendants' Motions to Dismiss (Docs. 11, 13) will be **GRANTED** and Homeward's Motion to Strike Plaintiff's Rebuff of Defendant's Brief in Support of Motion to Dismiss (Doc. 32) will be **DENIED**. Plaintiff's Motion to Go Forward for Hearing (Doc. 30) will be **DENIED AS MOOT**.

## I. BACKGROUND

On June 13, 2013, Plaintiff filed his Complaint against Homeward, QBE, CT Corporation System, and G. Moss and Associates, L.L.P ("G. Moss and Associates"). (Doc. 1). In his Complaint, Plaintiff claimed that Homeward violated the following statutes:

> THE NATIONAL FLOOD INSURANCE ACT OF 1968 specifically 42 USC 4012a, 42 USC 4012d and 2 USC 4013c 1&2 A&B. They also violated THE FLOOD DISASTER PROTECTION ACT OF 1973 specifically 42 USC 4012a, 42 USC 4012d, and 42 USC 4013c 1&2 A&B. They also violated

THE RIEGLE COMMUNITY DEVELOPMENT AND REGULATORY IMPROVEMENT ACT OF 1994 specifically Section 522(1), 523,and 579. And THE FLOOD INSURANCE REFORM ACT OF 2004 specifically Section 552c 1&2. And last but certainly not least the codes forbidding harrassment, intimidation, and threatening, loss of income, and loss of oportunity, mental anguish and I have no idea what codes those are.

(*Id.* at 3). Plaintiff stated that the "mental anguish" he suffered was from Homeward harassing and intimidating him and his wife "to such a point that [his] wife suffered a stroke" and Plaintiff was fired from his job.[1] (*Id.* at 1). Plaintiff also claimed that QBE "violated many of the same codes," and G. Moss and Associates "failed to uphold the laws they were supposed to uphold" by "merely [doing] what their client told them to do and [] not research[ing] the legality of what they were told to do. (*Id.*). In his Complaint, Plaintiff stated that these alleged violations occurred because Homeward "attempted to place flood insurance on our home far in excess of the loan balance."[2] (*Id.*).

On July 26, 2013, QBE and Homeward filed Motions to Dismiss for failure to state a claim upon which relief could be granted. (Docs. 11, 13). On August 6, 2013, in his Response to these Motions, Plaintiff requested "that this Court allow the case to go forward based upon Defendents [sic] admission that they did indeed violate the laws of this nation, but somehow they have the right to do that." (Doc. 18 at 1). Also on August 6, 2013, Plaintiff moved to dismiss his own claim against CT Corporation System because he included them in his Complaint in error. (Doc. 19). On August 12, 2013,

---

[1] The Court notes that Plaintiff's wife is not a party to this action.

[2] In its Motion to Dismiss, QBE states that this dispute arises out of QBE, Plaintiff's loan servicer, placing flood insurance on Plaintiff's property after he failed to do so when his property was located in a Special Flood Hazard Area. (Doc. 12 at 3-4).

QBE filed its Reply to Plaintiff's Response, and on August 13, 2013, Homeward filed its Reply to Plaintiff's Response. (Docs. 23, 24).

On August 27, 2013, Plaintiff filed a Motion to Go Forward for Hearing (Doc. 30) and an unauthorized Sur-reply to Defendants Replies (Doc. 29), titled "Rebuff of Defendants Brief in Support of Motion to Dismiss." In his Rebuff, Plaintiff repeated the claims identified in his original Complaint and stated his opinion of the actions of Defendants' counsel. Plaintiff also clarified that the "mental anguish" that his wife suffered occurred when "G.MOSS & ASSOCIATES STARTED SENDING THOSE OFFICIAL NOTICES OF INTENT TO FORECLOSE. SHE WAS BATTLING CANCER AND DOING WELL WITH IT UNTIL SHE HAD THAT STROKE ON 11/05/2010. THE STROKE CAUSED HER TO LOSE HER COGNATIVE ABILITY ALMOST ENTIRELY." (*Id.* at 4). On September 10, 2013, Homeward moved to strike Plaintiff's Rebuff of Defendant's Brief in Support of Motion to Dismiss, arguing that it does not comply with the Local Rules for the Eastern District of Tennessee. (Doc. 33).

On October 18, 2013, the Court granted Plaintiff's Motion to Dismiss Defendant CT Corporation System. (Doc. 36). The Court also ordered Plaintiff "to file a response showing good cause why his claims against Defendant G. Moss and Associates, LLP should not be dismissed without prejudice . . . **no later than November 1, 2013**." (*Id.*) (emphasis in original). Plaintiff was put "**ON NOTICE** that, if he [did] not show cause by the date specified in this Order, the Court may dismiss the action against Defendant G. Moss and Associates, LLP pursuant to Fed. R. Civ. P. 4(m) and 41(b)." (*Id.*) (emphasis in original). To date, Plaintiff has not filed a response to the Court's October 18, 2013 Order.

## II. STANDARD OF LAW

The Federal Rules of Civil Procedure provide, in relevant part, that all pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). While Rule 8(a) does not require plaintiffs to set forth detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). At a minimum, Rule 8(a) requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" – that is, Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 556 n.3 (2007). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is thus not a challenge to the plaintiff's factual allegations, but rather, a "test of the plaintiff's cause of action as stated in the complaint." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *Twombly*, 550 U.S. at 570 (holding that a complaint is subject to dismissal where plaintiffs failed to "nudg[e] their claims across the line from conceivable to plausible"). Although the Court must take all of the factual allegations in the complaint as true, "[t]hreadbare recitals of the

4

elements of a cause of action, supported by mere conclusory statements do not suffice," and a plaintiff's legal conclusions couched as factual allegations need not be accepted as true. *Iqbal*, 556 U.S. at 678; *see Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, to survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

The Court notes that Plaintiff is proceeding in this action *pro se*. The Court is mindful that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank,* 681 F.3d 355, 358 (6th Cir. 2012). The Court is "not, [however,] require[d] to either guess the nature of or create a litigant's claim." *See, e.g.*, *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Fed. R. Civ. P. 8(a). *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[P]*ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."). Thus, although the standard of review for *pro se* litigants is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

### III. ANALYSIS

#### A. Homeward's Motion to Strike Plaintiff's Unauthorized Sur-reply

In its Motion, Homeward moves that Plaintiff's Rebuff of Homeward's Brief in Support of its Motion to Dismiss be stricken pursuant to Federal Rule of Civil Procedure 12(f) because Plaintiff failed to comply with Eastern District of Tennessee Local Rule 7.1(d).

Federal Rule of Civil Procedure 12(f) – on which Homeward relies – states that "a court may strike only material that is contained in the pleadings," which are defined as "a complaint and answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) (quotation omitted). In this case, Homeward does not seek to strike pleadings. Thus, the Court will treat the Motion as a request to exclude certain material from the Court's consideration for violation of the Local Rules. *See id.*

Local Rule 7.1(d) states:

> No additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court, except that a party may file a supplemental brief of no more than 5 pages *to call to the Court's attention developments occurring after a party's final brief is filed.*

E.D. Tenn. L. R. 7.1(d)(emphasis added).

It is clear that Plaintiff's Rebuff of Homeward's Brief, which simply expands on issues discussed in Plaintiff's Complaint and Response, does not fall within the

6

definition of a "supplemental brief" described in Local Rule 7.1(d). Plaintiff's Sur-reply articulates additional responsive arguments to Homeward's reply, but it calls attention to no new factual or legal issues that were unavailable at the time Plaintiff's initial responsive brief was filed. However, in light of Plaintiff's *pro se* status and the less stringent standards applied to *pro se* plaintiffs, the Court is hesitant to exclude Plaintiff's Sur-reply on the basis of a local rules violation. Accordingly, Homeward's Motion to Strike will be **DENIED**.

### B.  Plaintiff's Claims against Defendant G. Moss and Associates

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999).

The Court considers four factors when addressing a motion to dismiss under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). None of these factors is dispositive: "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Fharmacy Records v. Nassar*, 379 F. App'x

7

522, 524 (6th Cir. 2010) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)).

As discussed above, the plaintiff in this case is a *pro se* litigant. The Sixth Circuit has held that *pro se* litigants "are not entitled to special treatment, including assistance in regards to responding to dispositive motions." *McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) ("A litigant who chooses *himself* as legal representative should be treated no differently"(emphasis in original)). The Sixth Circuit is particularly insistent that *pro se* litigants must follow "basic procedural requirements." *W. v. Adecco Employment Agency*, 124 F. App'x 991, 992 (6th Cir. 2005).

The Court concludes that dismissal of Plaintiff's claims against Defendant G. Moss and Associates is appropriate. Plaintiff willfully failed to comply with the Court's October 18, 2013 Order. Plaintiff was on notice that dismissal of these claims was a possibility, as clearly stated in the Court's October 18, 2013 Order. Despite the Court's explicit direction in that Order, Plaintiff failed to filed a response stating why his claims against G. Moss and Associates should not be dismissed without prejudice. Plaintiff's failure to prosecute his case and comply with Court directives demonstrates his unwillingness to further pursue his claims or abide by this Court's orders. Thus, based on Plaintiffs' failure to comply with Court orders, Plaintiff's claims against G. Moss and Associates, LLP will be **DISMISSED WITHOUT PREJUDICE**.

### C. QBE and Homeward's Motions to Dismiss

In their Motions to Dismiss, QBE and Homeward argue that Plaintiff's claims should be dismissed because the federal codes pursuant to which he seeks to recover do not provide a private right of action and there is not sufficient factual support for

8

Plaintiff's harassment and mental anguish claims. (Doc. 12 at 2; Doc 14 at 7). The Court will analyze Plaintiff's possible federal law claims before turning to any remaining state law claims.

Plaintiff first claims that Defendants violated the National Flood Insurance Act of 1968 ("NFIA"), the Flood Disaster Protection Act ("FDPA"), the Riegle Community Development and Regulatory Act of 1994 ("RCDRA"), and the Flood Insurance Reform Act of 2004 ("FIRA"). (Doc 1. At 3). The NFIA was enacted because private insurers were unable to provide adequate and reasonably priced flood insurance to individuals living in flood-prone areas. 42 U.S.C. § 4001(a). The National Flood Insurance Program – as established by the NFIA – made federally subsidized flood insurance available to these areas. *See* 42 U.S.C. § 4001(a)-(3). In 1973, the FDPA amended the NFIA to require flood insurance for loans secured by improved real estate situated within designated "Special Flood Hazard Areas." *See* 42 U.S.C. §§ 4102a, 4104a. In 1993, Congress passed the RCDRA, which included sections that amended the NFIA and the FDPA by expanding flood insurance purchase requirements, changing notice requirements, and altering other fees and penalties. Riegle Community Development and Regulatory Improvement Act of 1994, Pub. L. No. 103-325, 108 Stat. 2160. In 2004, Congress passed FIRA, further amending the NFIA "to reduce losses to properties for which repetitive flood insurance claim payments have been made." Flood Insurance Reform Act of 2004, Pub. L. No. 108-264, 118 Stat. 712.

Courts which have addressed this and similar issues have consistently concluded that the NFIA does not create a private right of action for individual borrowers. *See, e.g., Audler v. CBC Innovis, Inc.,* 519 F.3d 239, 252-53 (5th Cir. 2008*)* (noting that "Congress did not intend to create a private right of action for violations of the NFIA");

9

*Wentwood Woodside I, LP v. GMAC Commercial Mortg. Corp.*, 419 F.3d 310, 323 (5th Cir. 2005) (noting that "[e]very single federal court" to consider the issue has concluded that no private right of action exists under the NFIA) (citing *Mid-America Nat'l Bank of Chicago v. First Sav. & Loan Ass'n of South Holland*, 737 F.2d 638, 642 (7th Cir. 1984); *Hofbauer v. Northwestern Nat. Bank of Rochester, Minn.*, 700 F.2d 1197 (8th Cir. 1983); *Arvai v. First Fed. Sav. & Loan Ass'n*, 698 F.2d 683, 684 (4th Cir.1983)); *Harris v. Nationwide Mut. Fire Ins. Co.*, Case No. 3:11-cv-412, 2011 WL 6056459 at *3-*4 (M.D. Tenn. Dec. 5, 2011) (holding the same); *Blackstone v. Chase Manhattan Mortg. Corp.*, 802 F. Supp. 2d 732 (E.D. La. 2011) ("Courts consistently have held that the NFIA does not provide a private cause of action against a lender for failure to make a proper flood zone determination."); *Duffy v. Kent Cnty. Levy Court, Inc.*, Case No. 09-cv-817, 2011 WL 748487 at *5 (D. Del. Feb. 23, 2011) ("Congress, however, did not intend to create a private right of action for violations of the NFIA."). These courts have held that the NFIA is designed to protect lenders and the federal treasury – *not* private borrowers. *See Wentwood Woodside*, 419 F.3d at 323 (collecting federal appellate cases to that effect); *Harris*, 2011 WL 6056459 at *3; *Nicholson v. Countrywide Home Loans*, Case No. 1:07-cv-3288, 2008 WL 731032 (N.D. Oh. Mar. 17, 2008).

Since Plaintiff cannot assert a direct claim under the NFIA, his claims under the NFIA and all of its amendments must fail. Therefore, Plaintiff's claims under the NFIA, FDPA, RCDRA, and FIRA will be **DISMISSED WITH PREJUDICE**.

The only remaining claims that Plaintiff identifies are claims for "harassment [sic], intimidation, and threatening, loss of income, and loss of opportunity [sic], [and] mental anguish." In his Complaint, Plaintiff states that Homeward "continually harassed and threatened both myself and my wife to such a point that my wife suffered a

10

stroke from the mental anguish that she was enduring" and attaches letters sent to him from G. Moss and Associates regarding his debt.[3] (Docs. 1, 1-3). Plaintiff also states that the actions of G. Moss and Associates caused his wife "great mental anguish and caused [him] extreme anger."[4] (Doc. 1 at 3). In his claim for relief, Plaintiff asserts that he "has no idea what codes" correspond with his alleged claims. (*Id.* at 3).

Even construing Plaintiff's Complaint broadly, he does not meet the standard set forth under Federal Rule of Civil Procedure 8. In his Complaint, he makes several conclusory allegations that the Defendant wronged him by contacting him about his flood insurance. (*Id.* at 3). However, his allegations lack factual support, and the Court can only guess at the nature of his claims as presented with great speculation. In sum, his allegations regarding harassment and mental anguish are precisely the kind of "unadorned, the-defendant-unlawfully-harmed-me accusations" that *Iqbal* prohibits. *See Iqbal*, 556 U.S. at 679.

Based on Plaintiff's use of the term "mental anguish," it is possible that Plaintiff is attempting to assert claims under the Fair Debt Collection Practice Act or under Tennessee tort law.[5] However, because of the threadbare nature of Plaintiff's

---

[3] The Court notes that the only mention of QBE in Plaintiff's Complaint is when Plaintiff states "QBE Insurance violated many of the same codes." (Doc. 1).

[4] In his unauthorized Sur-reply, Plaintiff elaborates that the "mental anguish" suffered by his wife was related to her battle with cancer and a stroke she suffered on November 5, 2010. (Doc. 29).

[5] Under the FDCPA, a plaintiff may bring a civil action against a debt collector who engages in "abusive debt collection practices." 15 U.S.C. §§ 1692e, 1692k. Put succinctly, the FDCPA prohibits a debt collector from using any false, deceptive, unfair, or unconscionable means when attempting to collect a debt. *See Webb v. Asset Acceptance, LLC*, 486 F. App'x 596, 597 (6th Cir. 2012). However, even if Plaintiff were alleging a violation of the FDCPA, from the facts stated, it does not appear that either of the remaining Defendants would be considered a "debt collector" under the FDCPA. 15 U.S.C. § 1692a(6); *see also MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 735 (6th Cir. 2007).

As for Plaintiff's claim for "mental anguish, the elements of the tort of intentional infliction of emotional distress in Tennessee "are that the defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the

Complaint, the Court would only be able to reach this conclusion based on speculation. The facts that Plaintiff uses to support his "mental anguish" allegations are focused on his wife's health, although she is not a party to this case, and his feelings of anger at being contacted by Defendants. (Doc. 1 at 3). Although Plaintiff feels that he has been wronged by Defendants, none of these facts indicate an actionable claim that the Court can identify. Thus, based on the Plaintiff's failure to state a claim upon which relief can be granted, his claim will be **DISMISSED WITHOUT PREJUDICE**.[6]

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motions to Dismiss (Docs. 11, 13). Homeward's Motion to Strike Plaintiff's Rebuff of Defendant's Brief in Support of Motion to Dismiss (Doc. 32) is hereby **DENIED**. Plaintiff's federal claims are hereby **DISMISSED WITH PREJUDICE**, and Plaintiff's alleged state law claims are hereby **DISMISSED WITHOUT PREJUDICE**. In light of the findings in this Order, Plaintiff's Motion to Go Forward for Hearing (Doc. 30) is **DENIED AS MOOT**.

---

plaintiff." *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012). In Plaintiff's Complaint and unauthorized Sur-reply, he stated that he was fired from his job and that his wife suffered from both a stroke and cancer. (Doc. 29 at 4). However, Plaintiff's wife is not a party to this action and he provides no information to the Court regarding any mental injuries he may have personally suffered. Therefore, even if Plaintiff is trying to state this claim, there is not sufficient factual support in Plaintiff's Complaint to allege a plausible claim.

[6] The Court notes that Plaintiff states that this case is properly before the Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332 ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. . ."). Federal Rule of Civil Procedure 8(a)(1) requires a party bringing a claim to state "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Although Plaintiff discusses the diversity of citizenship between the parties in his Complaint, he fails to state the amount in controversy in this action, thereby failing to establish jurisdiction in this Court. Should Plaintiff elect to refile his Complaint, he should review the instant Order and Defendants' Motion to Dismiss in crafting a pleading that avoids the deficiencies now noted by the Court.

The Clerk of Court is **DIRECTED** to enter a separate judgment in accordance with Fed. R. Civ. P. 58 and, thereafter, close this case.

**SO ORDERED** this 26th day of November, 2013.

                                                */s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE